IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **SANDRA DEL-WISE, et al.** | § § § | |
| *Plaintiffs,* | § § | |
| V. | § § | C.A. NO. 4:10-cv-3330 |
| **TAXMASTERS, INC., et al.** | § § § | |
| *Defendants.* | § § | |

**DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT
UNDER FED. R. CIV. P. 12(b)(1) AND (6)
AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

TO THE HONORABLE LYNN HUGHES, U.S. DISTRICT JUDGE:

COME NOW, TaxMasters, Inc. ("TaxMasters"), TMIRS Enterprises, Ltd. ("TMIRS"), TM GP Services, LLC ("TM GP"), and Patrick R. Cox ("Cox") (hereinafter collectively referred to as the "Defendants"), and make this their Defendants' Motion to Dismiss First Amended Complaint Under Fed. R. Civ. P. 12(b)(1) and (6) and Memorandum of Law in Support Thereof, and would show this Court as follows:

**I.**

**Relief Requested and Brief Reasons to Grant Relief**

1. The Defendants move to dismiss the Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(1), because this Court does not have subject matter

jurisdiction. The Defendants also move to dismiss the Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6), because the Plaintiffs have failed to state a claim upon which relief can be granted. The Plaintiffs have alleged additional facts in their First Amended Complaint, but the additional facts are not relevant to elements of the Plaintiffs' claims. The allegations pertaining to elements of their claims are conclusory, barebones allegations unsupported by any specific facts.

## II.

## Standard of Review

### A. Dismissal for Want of Subject Matter Jurisdiction

2. "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3); *See, Kontrick v. Ryan*, 540 U.S. 443, 455, 124 S.Ct. 906 (2004). "Subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630, 122 1781 (2002). "Moreover, courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583, 119 S.Ct. 1563 (1999).

3. If subject-matter jurisdiction turns on contested facts, the trial judge may review the evidence and resolve the dispute on his own. *See* 5B C. Wright & A.

Miller, Federal Practice and Procedure § 1350, pp. 243-249 (3d ed. 2004); 2 Moore § 12.30[3], pp. 12-37 to 12-38. When a federal court determines that it lacks subject-matter jurisdiction, it must dismiss the plaintiff's complaint in its entirety. *See* 16 Moore § 106.66[1], pp. 106-88 to 106-89. An objection to a claim under Rule 12(b)(1) may be raised at any time up through trial on the merits.

  4. There are only two grounds of subject matter jurisdiction in federal court: federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. To plead diversity jurisdiction of non-class claims, a plaintiff must plead parties of diverse citizenship and an amount in controversy, exclusive of costs and interest, in excess of $75,000.00. 28 U.S.C. § 1332(a). To plead diversity of class action claims, the plaintiff must plead a class member of diverse citizenship and an amount in controversy in the aggregate of all of the class members claims, exclusive of costs and interest, in excess of $5,000,000.00. 28 U.S.C. § 1332(d)(2). In this case, the Plaintiffs rely exclusively on class diversity under 28 U.S.C. § 1332(d)(2) as grounds for subject matter jurisdiction.

  **B. <u>Dismissal for Failure to State a Claim</u>**

  5. On a motion to dismiss under Rule 12(b)(6), the Court must decide whether the facts alleged, if true, would entitle the plaintiff to some legal remedy. Fed. R. Civ. P. 12(b)(6); *Walsh vs. America's Tele-Network Corp.*, 195 F.Supp.2d 840, 845 (E.D. Tex. 2002) (*citing Conley vs. Gibson*, 355 U.S. 41, 45-46 (1957)).

Dismissal is appropriate when the plaintiff "cannot, under the facts they have pleaded, enunciate any cause of action." *Collins vs. Morgan Stanley Dean Witter*, 224 F.3d 496, 497 (5th Cir. 2000). The court must liberally construe the complaint in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Id*. at 498. However, the court will not accept as true any conclusory allegations or unwarranted deductions of fact. *Id*. To avoid dismissal for failure to state a claim, the plaintiff must plead specific facts, not merely conclusory allegations. *Id*. The Supreme Court has warned that pleadings filled with no more than conclusions are not entitled to any assumption of truth that is normally given to such allegations. *Ashcroft vs. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

6. The Court must keep in mind that "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," thus "thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949-50.

7. The allegations made in the Plaintiffs' causes of action in their complaint amount to nothing more than conclusory "formulaic recitations of the elements" of claims. *Bell Atlantic vs. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). As such, they are not entitled to the presumption of truth. *Iqbal*, 129 S.Ct. at 1951. The Supreme Court stated in *Iqbal* "we do not reject these bold allegations on the ground that they are unrealistic or nonsensical ... it is the conclusory nature of

4

[plaintiff's] allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth." *Id*.

### III.

### Argument and Authorities

**A. Court Should Dismiss Claims for Want of Subject Matter Jurisdiction.**

8. The only grounds of subject matter jurisdiction that the Plaintiffs have pleaded is diversity jurisdiction under 28 U.S.C. § 1332(d). Such jurisdiction relies on an amount in controversy for the class, exclusive of costs and interest, exceeding $5,000,000.00. The plaintiff bears the burden of establishing the jurisdictional requirements. *Lujan vs. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130 (1992). Although the Court is bound to take the Plaintiffs' allegations as true in the Plaintiffs' Complaint in arriving at an amount in controversy, the Court is not bound by overblown or conclusory generalizations made by the Plaintiffs in the Complaint. The Court must look to the substance of the action and not the labels the parties have attached to it. La., ex. rel. *Caldwell vs. Allstate Ins. Co.*, 536 F.3d 418, 424 (5th Cir. 2008). The Court should look at specific facts pleaded by the Plaintiffs and use those facts in calculating what the amount in controversy is given the Plaintiffs' own pleadings. The Court may also "pierce the pleadings" of the plaintiff to make sure the plaintiff is not improperly creating or destroying jurisdiction. *See Burchett vs. Cargill, Inc.*, 48 F.3d 173, 175

(5th Cir. 1995); *Grassi vs. Ciba-Geigy, Ltd.*, 894 F.2d 181, 185 (5th Cir. 1990). Determining whether a plaintiff has met the burden of proof on the element of amount in controversy in a case with unspecified damages is a tricky matter. *See Lowery vs. Ala. Power Co.*, 483 F.3d 1184, 1209-1210 (11th Cir. 2007). The plaintiff must allege facts essential to show jurisdiction. *McNutt vs. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780 (1936). Where the plaintiff has not alleged specific facts in terms of number of class members and dollar amount per capita, there is no subject matter jurisdiction. *See Lindsey vs. Alabama Tel. Co.*, 576 F2d 593, 595 (5th Cir. 1978)(pre CAFA case on removal).

9. In this case, although the Plaintiffs have pleaded for a national class involving every state of the United States, there are only three Plaintiffs representing the states of Washington, Virginia and Wisconsin. Since these Plaintiffs have made state law claims and no federal claims, they can only serve as representatives of the class of persons from their respective states. This limits the scope of the alleged class from the Defendants' customers throughout the United States to the Defendants' customers in Washington, Virginia and Wisconsin. This necessitates three sub-classes.

10. Further, the Plaintiffs admit that Plaintiffs Miller and McKenna had no written contracts with the Defendants and received no services from the Defendants. Only Plaintiff Del-Wise had a written contract. Therefore, the number

of perspective members in Del-Wise's sub-class would be the number of persons in the State of Washington who entered into written contracts with the Defendants and suffered damages as a result of breach of that contract or a violation of Washington's DTPA. The number of prospective members in Miller's sub-class would be the number of persons in the State of Virginia who never entered into a written contract with the Defendants and received no services from the Defendants. The number of prospective members in McKenna's sub-class would be the number of persons in the State of Wisconsin who never signed a written contract with the Defendants and received no services from the Defendants.

11. The number of class members is negligible. Virginia and Wisconsin are low population states and the numbers of persons damaged who never even entered into a written contract or received any services is low indeed. The State of Washington is also a small state. Ms. Del-Wise admits in her complaint that she paid a total of $2,550.00. (See Exhibit B, Plaintiffs' Response to Motion to Compel Arbitration). There would have to be in excess of 1,900 persons similarly situated to her in the State of Washington in order for the aggregate class damages to exceed $5,000,000.00. (This would still leave over 60 class members between Virginia and Wisconsin who had no contract and received no services.) It strains the imagination beyond reason to imagine more than 1,900 citizens of Washington State having been damaged in excess of $2,500.00 each by TaxMasters over the

last several years. It also is completely incredulous that more than 30 persons in Virginia and more than 30 persons in Wisconsin had no written contract with the Defendants, received no services from the Defendants, and were damaged in excess of $2,500 each. It is not enough for the Plaintiffs to make the conclusory, generalized statements at the end of their more specific class allegations that there are thousands of class members whose damages aggregate more than $5,000,000.00. The Plaintiffs must plead specific facts that show this to be the case. The Plaintiffs have failed to do so and this Court has no subject matter jurisdiction over these claims as a result.

### B. Plaintiffs' Declaratory Judgment Claims Should be Dismissed for Failure to State a Claim.

12. The Defendants move to dismiss the Plaintiffs' claim for declaratory judgment as it fails to state a claim upon which relief can be granted. The claim as made in the Complaint is a mere conclusory, bare bones statement and does not contain sufficient facts to support a claim for relief. (See First Amended Complaint, pp. 3-4, ¶11-13).

13. The only declaration that the Plaintiffs seek is a declaration that the "damages limitation scheme" of the contract between the parties is not valid. Plaintiffs first ignore the fact that only Ms. Del-Wise entered into a written contract with any of the Defendants. Although the Plaintiffs (presumably only Ms. Del-Wise) plead this claim very vaguely, it seems that the Plaintiffs argue: (1)

the "damages limitation scheme" is procedurally and substantively unconscionable in that it purports to waive the right to bring any class action claims, and (2) the "damages limitation scheme" violates the Texas DTPA. The Plaintiffs do not refer to any specific provisions of the contract that they allege constitute this "damages limitation scheme" and do not explain in any detail at all how or why these provisions are unenforceable. This Court should dismiss the declaratory judgment claim as failing to state a claim upon which relief can be granted.

### C. **Plaintiffs' Class Allegations Should be Dismissed for Failure to State a Claim.**

14. The Defendants move to dismiss the class allegations on the grounds that the Plaintiffs have failed to state a claim upon which relief can be granted. In particular, the Plaintiffs have asserted no allegations of numerosity[1] or typicality, and only conclusory allegations of commonality (See First Amended Complaint, p. 24, ¶65), adequacy (See First Amended Complaint, p. 25, ¶66), and superiority (See First Amended Complaint, p. 25, ¶67).

15. Class certification is wholly improper on the breach of contract claim, as two of the Plaintiffs admit they never had a contract and the remaining Plaintiff, Ms. Del-Wise, received all of the services she contracted for. Ms. Del-Wise has alleged no facts that would show numerosity of class members who are similarly

---

[1] The only allegation concerning numerosity is that TaxMasters earned $26.9 million during its 2009 fiscal year and that such earnings divided by $5,000.00 per person yields 5,380 customers. The number of customers is irrelevant to the number of class members.

situated to her. Class certification is wholly improper on the DTPA claims, because reliance and causation of damages are elements of those claims, and courts refuse certification of claims requiring reliance and causation of damages as elements. *Perrone v. General Motors Acceptance Corporation*, 232 433, 438-440 (5th Cir. 2000); *Southwestern Bell Telephone Company v. Marketing on Hold, Inc.*, 308 S.W.3d 909, 921 - 922 (Tex. 2010). Reliance as an element of a claim necessarily destroys class claims, because each prospective class member would necessarily have a different set of facts of reliance. This makes commonality, typicality, and predominance of class issues impossible. This Court should dismiss all class allegations for failure to state a claim upon which relief can be granted.

### D. **Plaintiffs' DTPA Claims Should be Dismissed for Failure to State a Claim.**

16. The Defendants move to dismiss the Plaintiffs' claims under the various states' Deceptive Trade Practices Acts as failing to state a claim upon which relief can be granted.

17. First, the plaintiffs in this case are citizens of Virginia, Washington, and Wisconsin. They have standing to raise claims only under their own states' laws and can represent only citizens of those states. There can be no claims under DTPA statutes of any other states. This Court must dismiss the DTPA claims under any state law other than Virginia, Washington, and Wisconsin.

18. The Plaintiffs' claims under the Texas DTPA must certainly fail. Under Texas law, "[a]n allegation of a mere breach of contract, without more, does not constitute a 'false, misleading or deceptive act' in violation of the DTPA." *Crawford v. Ace Sign, Inc.*, 917 S.W.2d 12, 14 (Tex. 1996) (quoting *Ashford Dev., Inc. v. USLife Real Estate Servs.*, 661 S.W.2d 933, 935 (Tex. 1983)); *see also Helms v. Sw. Bell Tel. Co.*, 794 F.2d 188, 191 (5th Cir. 1986)(dismissing a DTPA claim because "[t]he 'misrepresentation' alleged by the [plaintiff] was nothing more than [defendant's] failure to perform its promise"). "An alleged DTPA claim is essentially a breach of contract claim if the claimant alleges no damages independent of its contractual injuries." *Great Lakes Reinsurance (UK) PLC v. TICO Time Marine, LLC*, 2010 U.S. Dist. LEXIS 108868, Civil Action No. 4:10-CV-2060 (S.D. Tex. October 12, 2010)(J. Gray Miller)(*citing Metro. Life Ins. Co. v. Haden & Co.*, 158 F.3d 584 (5th Cir. 1998)(unpublished table decision) ("[R]epresentations that one will fulfill a contractual duty which one later fails to perform does not constitute misrepresentation, but rather the breach of a contractual duty.")(citing *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 46 (Tex. 1998)).

19. This Court should also dismiss the Plaintiffs' DTPA claims under all states' laws, because all of these allegations are mere conclusory, bare bones allegations. (See First Amended Complaint, ¶69-81). The Plaintiffs merely restate

the elements of the various states' codes without providing any specific allegations at all of factual circumstances that would support any of these claims.

20. Finally, the Court should dismiss all of the DTPA claims, because the Plaintiffs have pleaded no facts at all to support the misrepresentation or reliance elements of their DTPA claims. Nowhere in any of the DTPA allegations contained in paragraph numbers 69 – 181 (pages 26 – 62) of the First Amended Complaint do the Plaintiffs make any specific allegation of misrepresentation by the Defendants that they relied upon to their detriment. All of the allegations in paragraph numbers 15 – 33 (pages 5 – 11) of the First Amended Complaint concerning the Defendants' advertising and sales practices are general allegations of what the Plaintiffs believe TaxMasters did given the Plaintiffs' reading of the Texas Attorney General's lawsuit against TaxMasters. The Plaintiffs make no allegations of particular misrepresentations that the Defendants made to them that are relevant to their claims and that they relied on to their detriment. This Court should dismiss all of the Plaintiffs' DTPA claims for failure to state a claim upon which relief can be granted.

### E. **Plaintiffs' Breach of Contract Claim Should be Dismissed for Failure to State a Claim.**

21. The Defendants move to dismiss the Plaintiffs' breach of contract claim for failure to state a claim upon which relief can be granted. The claim is a bare-

bones, conclusory restatement of the elements of breach of contract under Texas law. (See First Amended Complaint, pp. 62-63, ¶182-185).

22. Moreover, the Plaintiffs admit in the First Amended Complaint that neither Mr. Miller nor Mr. McKenna had a written contract, so there was no contract to breach. Plaintiffs Miller and McKenna make no specific allegations of the existence of an oral contract or what the terms of such an oral contract were. Plaintiff Del-Wise alleges the existence of a written contract, but fails to allege any particular way in which the Defendants breached the contract or what damages she suffered as a result of such breach. This Court should dismiss the Plaintiffs' breach of contract claim for failure to state a claim upon which relief can be granted.

## IV.

## Conclusion

23. There is no subject matter jurisdiction over the Plaintiffs' claims, and they must be dismissed for want of jurisdiction. Further, the Plaintiffs have made only the barest of conclusory allegations tracking the elements of claims for declaratory judgment, deceptive trade practices, and breach of contract. Those allegations are not sufficient to state a claim upon which relief can be granted. The Plaintiffs' claims should be dismissed.

WHEREFORE, PREMISES CONSIDERED, the Defendants respectfully request that this Court dismiss the Plaintiffs' claims against them.

>Respectfully submitted,
>
>**WAUSON ♦ PROBUS**
>
>By: ____/s/  Matthew B. Probus__
>    **Matthew B. Probus**
>    State Bar No. 16341200
>    Fed. I.D. No. 10915
>    **John Wesley Wauson**
>    State Bar No. 20988200
>    Fed. I.D. No. 1866
>
>Comerica Bank Building
>One Sugar Creek Center Blvd., Suite 880
>Sugar Land, Texas 77478
>(281) 242-0303 (Telephone)
>(281) 242-0306 (Facsimile)
>
>*ATTORNEYS FOR DEFENDANTS, TAXMASTERS, INC., TMIRS ENTERPRISES, LTD., TM GP SERVICES, LLC and PATRICK R. COX*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded by U.S. Certified Mail return receipt requested and by electronic means to attorney for Plaintiffs on this 3rd day of December, 2010, as follows:

Mark Wham
The Spencer Law Firm
Executive Plaza West
4635 Southwest Freeway, Suite 900
Houston, Texas 77027
markwham@spencer-law.com


    /s/  Matthew B. Probus  _____
Matthew B. Probus