UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SANDRA DEL-WISE, *et al.*, §<br>　　　　　*Plaintiffs*, §<br>§<br>v. §<br>§<br>TAXMASTERS, INC., *et al.*, §<br>　　　　　*Defendants*. § | CIVIL ACTION NO. 4:10-CV-03330 |

## ORDER

This breach of contract, deceptive trade practices, and declaratory judgment case is before the court on B. Spencer & Associates, P.C. d/b/a The Spencer Law Firm, Bonnie Spencer, Mark Wham, and Greg Finney's motion to quash depositions and subpoenas duces tecum of plaintiffs' counsel, motion for protection, and request for expedited consideration.[1] The motion is granted in part and denied in part.

## Background

On September 16, 2010, plaintiffs Sandra Del-Wise and Ralph Miller, on behalf of themselves and others similarly situated, filed a purported class action complaint against defendants TaxMasters, Inc., TMIRS Enterprsises, Ltd., TM GP Services, LLC, and Patrick R. Cox.[2] Plaintiffs' first amended complaint seeks declaratory relief, and also asserts breach of contract and deceptive trade practices claims.[3] On December 3, 2010, defendants filed a motion to dismiss, asserting (among other things) that this court does not have subject matter jurisdiction for lack of the

---

[1] Dkt. 31.

[2] Dkt. 1.

[3] Dkt. 10.

1

$5,000,000 amount in controversy required of class actions. *See* 28 U.S.C. § 1332(d). At a scheduling conference on February 9, 2011, this court determined that the amount-in-controversy issue was significantly intertwined with the plaintiffs' ability to obtain class certification. Thus, the scheduling order bifurcated the discovery deadlines, requiring class-certification discovery to be completed by August 31, 2011, and general discovery to be completed by March 13, 2012.[4]

On February 7, 2011, defendants served subpoenas duces tecum and requests for production on The Spencer Law Firm, Mark Wham, and Gregory Finney—plaintiffs' counsel in this case.[5] The discovery requests generally sought (1) engagement agreements between the named plaintiff's and plaintiffs' counsel; (2) billing statements sent to the named plaintiffs; (3) various financial information; (4) information regarding the attorneys' competence; and (5) information regarding a lunch between plaintiffs' counsel and representatives of the defendants. On March 7, 2011, The Spencer Law Firm, Wham and Finney filed this motion to quash and for protection, seeking expedited consideration of the motion.[6] Defendants responded, arguing that the discovery requests seek information relevant to the adequacy requirement of class certification under Rule 23(a).[7]

## Analysis

**1.    Relevance and the Scope of Discovery**

Unless limited by court order, the scope of discovery includes "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). At this stage in this litigation,

---

[4] Dkt. 29.

[5] Dkts. 31-1 – 31-6.

[6] Dkt. 31. The motion did not contain a proposed order required by local rules. *See* S.D. Tex. Local Rule 7.1.C.

[7] Dkt. 34.

the scheduling order limits discovery to class certification issues. Relevant to plaintiffs' counsel's motion to quash and for protection, Rule 23(a) requires the party seeking class certification to demonstrate that (among other things) "the representative parties will fairly and adequately protect the interests of the class." *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 (5th Cir. 2001) (quoting Fed. R. Civ. P. 23(a)(4)). The Fifth Circuit "has determined that [t]he adequacy requirement mandates an inquiry into [1] the zeal and competence of the representative[s'] counsel and . . . [2] the willingness and ability of the representative[s] to taken an active role in and control the litigation and to protect the interests of the absentees[.]" *Id.* at 479 (citing *Horton v. Goose Creek Independent School District*, 690 F.2d 470, 484 (5th Cir. 1982)) (brackets in original). "The adequacy inquiry also 'serves to uncover conflicts of interest between the named plaintiffs and the class they seek to represent.'" *Id.* (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)). Thus, this court must determine whether defendants' discovery requests seek information relevant to plaintiffs' counsel's zeal and competence. *See McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 559 (5th Cir. 1981) (lack of discovery and delay in filing class certification motion relevant to counsel's competency); *Cooper v. University of Texas at Dallas*, 482 F. Supp. 187, 193 (N.D. Tex. 1979) (counsel's diligence and skill in the subject matter of the suit relevant to counsel's competency); 7A Charles Alan Wright et al., *Federal Practice and Procedure* § 1769.1 (3d ed. 2010).

**2.     Motion to Quash Depositions**

"[D]epositions of opposing counsel are disfavored generally and should be permitted in only limited circumstances." *Nguyen v. Excel Corp.*, 197 F.3d 200, 209 (5th Cir. 1999) (citing *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986)). In *Nguyen v. Excel Corp.*, the Fifth Circuit indicated that the Eighth Circuit's *Shelton* test may guide a district court in determining

whether an opponent's counsel may be deposed. The *Shelton* test provides that a party cannot depose its opponent's counsel "unless (1) no other means exist to obtain the information, (2) the information sought is relevant and non-privileged, and (3) the information is crucial to the preparation of the case." *Id.* at 208; *see also Murphy v. Adelphia Recovery Trust*, No. 3-09-MC-105-B, 2009 WL 4755368, at *3–5 (N.D. Tex. Nov. 3, 2009) (applying the *Shelton* test). The first prong in this test requires the party requesting discovery to look for other available persons who have the information; it also requires the requesting party to consider other discovery methods, such as requests for production or requests for admissions. *Mike v. Dymon, Inc.*, 169 F.R.D. 376, 379 (D. Kan. 1996). These other discovery methods do not involve the dangers of oral depositions, such as delay, disruption of the case, and harassment. *Kelling v. Bridgestone/Firestone, Inc.*, 153 F.R.D. 170, 171 (D. Kan. 1994).

Considering the fact that the deposition notices seek testimony regarding largely the same information asked for in the production requests, and that the defendants intimate that depositions may not be necessary after plaintiffs' counsel's document production,[8] defendants have failed to show that no other means exist to obtain the information sought.[9] It is difficult to see what additional

---

[8] *See* Dkt. 34, at 3 ("[Defendants' counsel] also stated that depending on what was in the documents, it was most probable that the Defendants would no longer need depositions of Mr. Finney or The Spencer Firm . . . ."); Dkt. 34-2. Moreover, Defendants' response implies that plaintiffs' counsel's competence would not be an issue if Bonnie Spencer—a principal of The Spencer Law Firm—appeared as plaintiffs' counsel of record. *See* Dkt. 34, at 5 ("The only attorney with class action experience is Ms. Spencer, who is not an attorney of record in this case. . . . Should Ms. Spencer choose to enter an appearance as counsel of record and actively represent the Plaintiffs in this matter, the issues on this motion to quash would certainly narrow."). Bonnie Spencer has since been designated as plaintiffs' lead counsel. Dkt. 36.

[9] To the extent the deposition requests seek testimony regarding Mark Wham's lunch at Taste of Texas with certain representatives of defendants, defendants' counsel can obtain such information by questioning those representatives. Insofar as the deposition requests seek testimony about The Spencer Law Firm's ability to finance the litigation, such information is not relevant to plaintiffs' counsel's zeal or competence.

information regarding plaintiffs' counsel's zeal and competence would come forth in plaintiffs' counsel's depositions. As shown by defendants' requests for production, other less disruptive means of discovery are available to acquire the same information. Since the deposition requests fail the first prong of the *Shelton* test, plaintiffs' counsel's depositions are quashed.

3.      **Motion to Quash Subpoena Duces Tecum's Document Production Requests**

The remaining discovery requests are subpoenas duces tecum (requesting production of documents) and requests for production. Since these discovery requests are duplicative, the subpoenas duces tecum are quashed. *See* Fed. R. Civ. P. 26(b)(2)(C)(i).

4.      **Motion for Protection from Requests for Production of Documents**

Plaintiffs' counsel seek protection from the requests for production to the extent they seek tax returns and detailed financial information.[10] Although this information may become relevant at a later stage in this litigation, these requests are not relevant to show plaintiffs' counsel's zeal or competence for purposes of certification motion. *Cf.* Fed. R. Civ. P. 23(g) (providing for post-certification appointment of class counsel). Plaintiffs' counsel are protected from discovery as to these documents at this time.

---

[10]*See* Dkt. 31-2 ¶¶ 8–10; Dkt. 31-4 ¶¶ 12–16; Dkt. 31-6 ¶¶ 6–10. Besides the specific objections to the requests for financial information, the motion requests this court to "quash the Subpoenas Duces Tecum in their entirety and/or enter a protective order to protect Movants from annoyance, embarrassment, oppression, and/or undue burden or expense." Dkt. 31 ¶ 14. Plaintiffs' counsel argue that less intrusive means of discovery are available. This two sentence argument does not satisfy the standard plaintiffs' counsel quoted from Rule 26(c)(1)(A). Although not specifically cited, this argument appears to rely on *Nguyen v. Excel Corp.*, 197 F.3d 200 (5th Cir. 1999) discussed *supra*. Such reliance on *Nguyen* is misplaced, as *Nguyen* only dealt with a litigant's ability to depose an opponent's counsel. *See id.* at 208–209.

**Conclusion**

For the foregoing reasons, the motion to quash and for protection is granted in part and denied in part. The depositions of plaintiffs' counsel are quashed. The subpoenas duces tecum are hereby quashed in their entirety. Plaintiffs' counsel are protected from responding to the requests for production seeking tax return and detailed financial information as identified in the paragraphs cited in the first sentence of footnote 10 *supra*. All other requested relief is denied.

Signed at Houston, Texas on March 17, 2011.

Stephen Wm Smith
United States Magistrate Judge