IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHER DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SANDRA DEL-WISE and | § | |
| RALPH J. MILLER | § | |
| *on behalf of themselves, and all others* | § | |
| *similarly situated* | § | |
|     *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:10-cv-03330 |
| | § | |
| TAXMASTERS, INC., | § | |
| TMIRS ENTERPRISES, LTD., | § | |
| TM GP SERVICES, LLC and | § | |
| PATRICK R. COX | § | |
|     *Defendants.* | § | |

**PLAINTIFFS' MOTION TO COMPEL TAXMASTERS' DISCOVERY RESPONSES**

Comes now, Plaintiffs Sandra Dell-Wise, Ralph Miller and Patrick McKenna, on behalf of themselves and all others similarly situated, and file this Motion to Compel TaxMasters' Discovery Responses, and would respectfully show the Court as follows:

**I.    Background of the Dispute**

1.    Plaintiffs Sandra Dell-Wise, Ralph Miller and Patrick McKenna, on behalf of themselves and all others similarly situated, (collectively "Plaintiffs") filed this case on September 16, 2010 alleging, among other things, deceptive business practices by Defendants TaxMasters, Inc., TMIRS Enterprises, Ltd., TM GP Services, LLC and Patrick R. Cox (collectively "TaxMasters").  After a status conference, United States Magistrate Judge Stephen Wm. Smith issued a Scheduling Order on February 9, 2011 providing for a two-stage discovery process: pre-class certification discovery followed by general discovery.

2. On March 17, 2011, Plaintiffs served their First Set of Requests for Production. TaxMasters responded on April 19, 2011. Exhibit 1. Plaintiffs served their First Set of Interrogatories on March 28, 2011. TaxMasters responded on April 26, 2011. Exhibit 2. TaxMasters' responses largely amount to nothing more than objections. TaxMasters has not produced a single document. In response to these blanket objections and failure to produce information, Plaintiffs' counsel called TaxMasters' counsel on April 26, 2011. On that call, TaxMasters' counsel stated that he had instructed his client to gather information relative to how he believed Plaintiffs' classes were defined, that he would send a description of his perceived definitions to Plaintiffs' counsel, and, if Plaintiffs' counsel agreed with his definitions, he would produce documents. Plaintiffs agreed to this proposal in an attempt to move forward with discovery in a cooperative manner.

3. TaxMasters' counsel failed to provide his class definitions in a timely manner and so Plaintiffs' counsel was forced to send a letter on May 5, 2011 asking for the promised definitions. Exhibit 3. TaxMasters' provided its proposed narrow class definitions the following day. Exhibit 4. Plaintiffs' counsel then responded by rejecting these proposed definitions, stating their own proposed class definition, and detailing their understanding both of the scope of pre-class certification discovery and how the categories of information sought fall within this scope.[1] Exhibit 5. On May 13, 2011, TaxMasters' counsel sent an e-mail stating that his clients would not produce any further information sought in Plaintiffs' discovery requests. Exhibit 6. Plaintiffs therefore file this Motion to Compel pursuant to Federal Rule of Civil Procedure 37(a)(3)(B)(iii) & (iv) and 37(a)(4).

---

[1] At this early stage in the litigation, Plaintiffs propose the following class definition: "All persons who, from September 16, 2006 through the date of class certification herein, were charged fees by or paid fees to TaxMasters for tax-related services." *See infra* for more detail on the nature of this proposed definition.

## II.     Statement of the Issues

4.     This motion arises from the dispute between Plaintiffs and TaxMasters concerning what is relevant discovery at this pre-certification stage of the case. The issues involved in pre-class discovery include the prerequisite findings necessary under Federal Rule of Civil Procedure 23 for maintaining a class action as well as the showing necessary for Plaintiffs to invoke the Court's subject matter jurisdiction under 28 U.S.C. 1332(d). TaxMasters in effect takes the position that no information is relevant to the issues involved in the pre-certification stage of discovery other than vague summary admissions that the number of potential plaintiffs involved exceeds 100 people. This means, for example, that TaxMasters refuses to produce information for Plaintiffs to establish the amount of potential damages involved, a category of information clearly relevant to 28 U.S.C. 1332(d) jurisdiction. Because TaxMasters unreasonably refuses to produce such information on the basis of the case Plaintiffs allege, Plaintiffs have no choice but to file this motion and seek the Court's assistance.

## III.     Statement of Case

5.     TaxMasters advertises itself as a tax resolution service to consumers who have received notice from the Internal Revenue Service of an audit, garnishment, lien, levy, or tax deficiency. Through its advertising materials, TaxMasters preys on the anxiety of such consumers and creates the image that its services hold the key to solving their tax-related problems. TaxMasters' advertising then invites these consumers to contact the company to learn from a "tax consultant" how TaxMasters can help resolve all of their IRS problems.

6.     When consumers contact TaxMasters, they are indeed connected with one of TaxMasters' carefully selected professionals. Unfortunately for consumers, though, these professionals are not tax professionals. They are hard-sales professionals with the single agenda

of signing up consumers on the spot and receiving a payment for the "tax solution" proposed during the call. Adding to the predatory nature of TaxMasters' advertising and sales scheme is the fact, undisclosed to consumers at this point, that TaxMasters considers all amounts paid to it to be "non-refundable." Only after a consumer has paid amounts to TaxMasters does it come to learn of the company's non-refundable policy.

7. TaxMasters adopted its non-refundable policy for a reason. Despite its uniform assurances to consumers that TaxMasters can help with their tax problems, TaxMasters knows that IRS guidelines mean that TaxMasters cannot fulfill its promises. Of course, TaxMasters never discloses this knowledge to consumers. TaxMasters also never discloses to consumers its knowledge that these same IRS guidelines mean that engaging TaxMasters adds little to no value to the ultimate outcome of a consumer's problems with the IRS. Instead, paying fees to TaxMasters actually harms consumers economically. So, whether TaxMasters' failure to disclose its non-refundable policy produces a consumer's damages or whether TaxMasters' failure to disclose its knowledge concerning the true value of its services produces a consumer's damages, all consumers who have paid money to and/or have been charged fees by TaxMasters have been damaged as a result of TaxMasters' false advertising of its services.

8. Because TaxMasters advertises its services in a way intended to create a false impression, TaxMasters has a duty to disclose the forgoing information of which it is aware. TaxMasters fails to disclose this information for the purpose of inducing consumers into engaging its services, all the while knowing that consumers would not do so if the information was known to them. TaxMasters knows that its services do not have the benefits it portrays them to have in its advertising, and yet it continues to engage in its predatory advertising and sales

campaign. That is what this case is about. Consumers have been damaged by TaxMasters' deceptive business practices, and this action seeks to recover their losses.

## IV.     Arguments & Authorities

9.     A certain amount of discovery is essential in order to determine (i) whether a class can be certified and (ii) what is the proper scope of the class action. *Pittmann v. E.I. duPont de Nemours & Co.*, 552 F.2d 149, 150 (5th Cir. 1977). Moreover, a plaintiff is entitled to some leeway in attempting to define the proper parameters of the proposed class. *See id.* While the limits in a specific case are within the discretion of the trial court, the discovery sought should be necessary or helpful to the certification decision. *See Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 550 (5th Cir. 1980), cert. denied, 454 U.S. 927 (1981); *Stewart v. Winter*, 669 F.2d 328, 331 (5th Cir. 1982).

10.     Plaintiffs tailored their discovery requests to obtain information necessary and helpful to the issues of jurisdiction and class certification. TaxMasters, however, failed to provide any information regarding the following categories of requests:

> **A.     Requests seeking information establishing the total amount of fees charged and/or received by TaxMasters from consumers for TaxMasters' services during the class period, without regard to whether TaxMasters actually received payment and/or actually performed the services.**

11.     Plaintiffs' requests in this category seek information that is necessary and helpful in determining jurisdiction under the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), ("CAFA"), specifically the requirement that the amount in controversy exceed $5,000,000.00. TaxMasters will have charged and/or received fees from every consumer in the potential class, and Plaintiffs reasonably believe that every consumer who was charged by or paid fees to TaxMasters is a member of the class. Examples of requests falling within this category are

Plaintiffs' First Set of Requests for Production Nos. 3, 4, 5 and 17-19 and Plaintiffs' First Set of Interrogatories Nos. 5 and 6.[2] *See* Exhibits 1 and 2.

> **B. Requests seeking information establishing the total number of consumers charged by and/or paying fees to TaxMasters for TaxMasters' services during the class period, without regard to whether TaxMasters actually received payment and/or actually performed the services.**

12. Plaintiffs' requests in this category seek information that is necessary and helpful in determining jurisdiction under CAFA, specifically the number of potential plaintiffs in the class, as well as in determining numerosity under Federal Rule of Civil Procedure 23 ("Rule 23"). Every potential member of the class was charged fees by and/or paid fees to TaxMasters for its services during the class period, and Plaintiffs reasonably believe that every consumer who was charged by or paid fees to TaxMasters is a member of the class. Additionally, the information obtained will be helpful in determining commonality and typicality under Rule 23. The information will also assist Plaintiffs in defining potential subgroups within the overall class. Examples of requests falling within this category are Plaintiffs' First Set of Requests for

---

[2] In *Haley v. Merial, Ltd.*, during pre-class certification discovery, the Plaintiffs asked the Court to compel production of, among other things, (i) all documents evidencing adverse drug reactions related to the drug in question, (ii) documents and correspondences received by Merial, Ltd. from veterinarians and consumers concerning the drug's effectiveness or lack thereof, (iii) FDA warning letters concerning the efficacy of the drug, and (iv) documents related to claims of lack of effectiveness of the drug. 2010 U.S. Dist. LEXIS 104256 (N.D. Miss., Sept. 17, 2010). The Court in *Haley* determined that these documents were relevant to class certification and ordered Merial, Ltd. to produce the requested documents. *Id.* Similarly, Requests for Production Nos. 2, 3, 4, 5, 9 and 10 and Interrogatory Nos. 7-18 and 20 in this case request documents and information about customer complaints, including those lodged with third parties such as the Better Business Bureau and Attorney Generals, customer requests for refunds, TaxMasters' responses to such complaints and requests, and TaxMasters' correspondences with consumers and third parties relating to such complaints and requests. These requests are relevant to class certification on the issues of numerosity, commonality and typicality.

In *Duran v. Portfolio Recovery Associates, LLC*, during pre-class certification discovery, the Plaintiffs requested the identities of putative class members. 2008 U.S. Dist. LEXIS 108435 (W.D. Tex., Oct. 30, 2008). The El Paso Court ordered the Defendants to produce this information because the Court determined the information would be helpful to the Plaintiffs in briefing the court on commonality and typicality. *See id.* Similarly, Plaintiffs in this case have requested in Request for Production Nos. 7 and 8 the identities and information of potential class members.

Production Nos. 2, 3, 4, 6, 7, 15 and 16 and Plaintiffs' First Set of Interrogatories Nos. 3, 4, 7-18 and 20.[3]  *See* Exhibits 1 and 2.

### C. Requests seeking information establishing the geographic distribution of consumers either charged fees by or paying fees to TaxMasters during the class period for its services.

13. Plaintiffs' requests in this category seek information that is necessary and helpful in determining jurisdiction under CAFA, specifically the diversity of and the number of potential plaintiffs in the class. This information also concerns the issue of numerosity under Rule 23. Every potential member of the class was charged fees by and/or paid fees to TaxMasters for its services during the class period, and Plaintiffs reasonably believe that every consumer who was charged by or paid fees to TaxMasters is a member of the class. Additionally, the information obtained will be helpful in determining commonality and typicality under Rule 23, as well as in assisting Plaintiffs in defining potential subgroups within the overall class. Examples of requests falling within this category are Plaintiffs' First Set of Requests for Production Nos. 22 and 29 and Plaintiffs' First Set of Interrogatories No. 19. *See* Exhibits 1 and 2.

## V. Conclusion

Wherefore, premises considered, Plaintiffs pray that the Court enter an order compelling TaxMasters to respond adequately and produce the requested documents in response to Plaintiffs' First Set of Requests for Production and First Set of Interrogatories as set forth herein, and for such other and further relief to which Plaintiffs may show themselves justly entitled to receive.

---

[3] *See* footnote 2, supra.

Respectfully submitted,

THE SPENCER LAW FIRM

*/s/ Bonnie E. Spencer*

Bonnie E. Spencer
TBN 06366100, FBN 7343
David L. Augustus
TBN 24036159, FBN 33221
Krista R. Fuller
TBN 24050628, FBN 608057
Executive Plaza West
4635 Southwest Freeway, Suite 900
Houston, Texas 77027
Tel: 713-961-7770
Fax: 713-961-5336
*Attorneys for Plaintiffs*

## CERTIFICATE OF CONFERENCE

As discussed above in paragraphs 2 and 3 and shown in Exhibits 3 to 6, Plaintiffs conferred with Defendants in a good-faith effort to resolve this dispute without court action, as required by Fed. R. Civ. P. 37(a)(1), but the parties were unable to resolve the dispute.

*/s/ Bonnie E. Spencer*

Bonnie E. Spencer

## CERTIFICATE OF SERVICE

The undersigned hereby certifies a copy of the above and foregoing document(s) was served upon the following parties via the United States District Court's electronic transmission services on May 17, 2011.

Matthew B. Probus
John Wesley Wauson
Wauson ♦ Probus
Comerica Bank Building
One Sugar Creek Center Blvd. Ste. 880
Sugar Land, Texas 77478

*/s/ Bonnie E. Spencer*

Bonnie E. Spencer